IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00374-CR

 

Perry Joe Ray,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 77th District Court

Limestone County, Texas

Trial Court No. 10946-A

 



MEMORANDUM  Opinion



 








          Perry Joe Ray filed this pro se
appeal from his plea-bargained conviction for felony driving while
intoxicated.  However, Ray signed a full-page, detailed “Waiver of Appeal” as
part of the plea proceedings, which document was also signed by Ray’s trial
counsel and the prosecutor, and which was approved by the trial court.  In the
face of this express waiver of the right of appeal, we dismiss Ray’s appeal.  See
Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003).

PER CURIAM




Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray dissenting with note)*

Appeal dismissed

Opinion delivered and
filed November 29, 2006

Do
not publish

[CR25] 

 

*        (Dissenting
note: “No separate opinion will be issued.  Before I would summarily dismiss
this appeal, I would give notice to the defendant of our intent to dismiss the
appeal.  Tex. R. App. P. 44.3. 
When we raise similar issues on our own initiative in civil proceedings, we
must give at least 10 days notice.  Tex.
R. App. P. 42.3.  And it is fairly routine that before we dismiss an
appeal because the certificate of the right to appeal indicates that it is a
plea-bargained case and the defendant has no right of appeal, as in this case,
we first give notice of our intent to dismiss the appeal, so that the defendant
has the opportunity to explain why dismissal would be improper.  I would notify
the defendant of our intention and give him the opportunity to respond before I
vote to dismiss his appeal.

          Monreal
is not authority to dismiss an appeal without notice on the basis of a waiver. 
Monreal v. State, 99 S.W.3d 615 (Tex. Crim. App. 2003).  In Monreal,
notice was provided in the form of a motion to dismiss filed by the State.  See
id. at 616.

          For
the foregoing reasons, I cannot, at this time, vote to dismiss Ray’s appeal. 
Accordingly, I must dissent.”)

 






  The trial court must then appoint
another attorney to present all arguable grounds for appeal.  See id. 
We do not rule on the ultimate merits of the issues raised by Steele in his pro
se response at this juncture.  Id.  If we determine that there are
arguable grounds for appeal, Steele is entitled to have new counsel address the
merits of all of the issues raised.  Id.  “Only after the issues have
been briefed by new counsel may [we] address the merits of the issues raised.” 
Id.

            Our independent review of
the record indicates that Steele, although indigent, was assessed attorney’s
fees in the judgment of conviction.  Based on our independent review of the
record, we find that this is an arguable ground for appeal.  Because
court-appointed counsel’s brief does not address this arguable ground, we abate
this appeal and remand this case to the trial court for the withdrawal of
present counsel and the appointment of new counsel.  A copy of the order
appointing new counsel shall be forwarded to the Clerk within ten days of the
date of this opinion.  Only after new counsel is appointed and the issue
identified in this opinion, as well as any other issues that counsel wishes to
advance in the brief on the merits, are addressed will we reach the merits of
this appeal.  Upon receipt of the appointment of new counsel, we will reinstate
the appeal and new counsel will then have thirty days to file a brief unless a
motion for extension for good cause is filed and granted by this Court pursuant
to the Rules of Appellate Procedure.

                                                                        PER
CURIAM 

Before
Chief Justice Gray,

Justice Davis, and

Justice Scoggins

Appeal
abated

Order
issued and filed July 27, 2011

Do
not publish